**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 06 2013
JEFFREY P. COLWELL
CLERK

Civil Action No. ______________________
(to be supplied by the court)

DAVID GUY BRYAN
______________________, Plaintiff,

v.

JOHN HICKENLOOPER, et. al. Governor Colorado,
TONY CAROCHI FORMER AND CURRENT DIRECTOR, (CDOC) et .al.
LARRY REED, Director of Prisons CDOC
RAE TIMME, Warden ,Colorado Territorial Correctional Facilities
RENEE JORDAN , Clinical Services and/or Current Director.
MEGHAN REED, Acting AIC/ Legal Services CDOC
AMY COSNER, Acting AIC/ Legal Services CDOC
PAULA J. FRANTZ Chief Medical Officer CDOC
DAVE TESSIER, Health Services Administrator CTCF
JENNIFER CASTNER Medical Clinic CTCF
BURL MCCULLAR, Sex Offender Treatment Manager
LANCE MIKLICH, Programs Director CTCF
PEAT PIERCE, Plant Manager CTCF
MATT WINDEN, Faith and Citizen Programs Manager et. al.
DARIL R. PROFFET, Faith and Citizen Programs

______________________, Defendants.

PRISONER COMPLAINT

**A. PARTIES**

1. David Guy Bryan DOC #59182, Colorado Territorial Correctional Facility ; P.O. Box 1010; Canon City, CO. 81215-1010
(Plaintiff's name, prisoner identification number, and complete mailing address)

2. JOHN HICKENLOOPER , Governor Colorado,
(Name, title, and address of first defendant)
Colorado State Capital Building

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes __ No (CHECK ONE) Briefly, explain your answer.

ORIGINAL

As Governor, Mr. Hickenlooper is responsible for appointing the executive director of the Colorado Department of Corrections (CDOC according to 17-1-101, and furthermore is responsible for the overall administration of the laws of the State. Mr. Hickenlooper is sued in his official and individual capacities.

3. TONY CAROCHI is acting executive director of Colorado Department of Corrections (CDOC) 2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of second defendant)

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___No (CHECK ONE) Briefly, explain your answer.

TONY CAROCHI is sued in his official and individual capacities . He is the Executive Director, et. al, of All Colorado Department of Corrections Facilities, Programs, Staff in general, Committees, Policies, Administrative Regulations.

4. LARRY REED et al Director of Prisons 2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195 At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

LARRY REED ~~LUE ARCHULETA~~ is the Director of Prisons and is responsible for the daily running of the CDOC. He makes the decisions that govern the overall policies and practices on the CDOC. He is fundamentally accountable to the Executive Director.

5. RAY TIMME Warden Colorado Territorial Correctional Facility.

P.O. Box 1010, Canon City, CO 81215-1010

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

RAY TIMME is the Warden at CTCF and as such is accountable for the operation of the facilities and is accountable for the decisions of the staff , the enforcement of Administrative Regulations et, al,.

ORIGINAL

**B. JURISDICTION**

1. I assert jurisdiction over my civil rights claim(s) pursuant to; (check one if applicable)

_X_ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

28 U.S.C. §1331 and Livens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1917) (federal prisoners)

2.I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

First, Eighth, and Fourteenth Amendment to the United States Constitution.

American Disabilities Act of 1990, 2008.

Rehabilitation Act of 1973, 1990, 2008.

Religious Land Use and Institutional Persons Act of 2000 (RLUIPA)

Religious Freedom Restoration Act. Of 1993-942-U.S.C. 2000

## C. NATURE OF THE CASE

BRIEFLY state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C.

Plaintiff is a citizen of the USA, and a resident of Colorado tor 64 years. Plaintiff was a significant representative of the sub class of individuals with mobility disabilities not in a wheelchair, in regards to the MONTEZ class action civil suit 92-N-870. His next parole date is August 2013. Plaintiffs participation as one of the original six MONTEZ class action plaintiffs is significant, as he helped author passages within the Remedial Plan and was subsequently compensated for his time and efforts. Plaintiff will be asking this court for Orders concerning his ADA accommodations and incidents after 2005. Defendants have reneged on their agreed accommodations as was outlined at the hearings before the Federal Magistrate Judge, the AIC and Plaintiff. . Defendants have ignored Dr.'s ongoing orders that have been in place from 1993 to current time. Plaintiff will be asking the court to recognize and act on, decisions made by Defendants that have resulted in serious bodily injury and pain. Plaintiff has not been permitted to attend SOTP class due to "cost" and is considered "low priority" because he has a

ORIGINAL

determinant sentence. Plaintiff will ask for an order to be released on parole with treatment on the outside. Plaintiff will ask the court to order Defendants to comply with the practices held by the Roman Catholic Church in recognizing the basic principals of (RLUIPA) Religious Land Use and Institutionalized Persons Act Section 8. (7) (A) "...religious exercise includes any exercise of religion whether or not compelled by, or central to, a system of religious belief".

Plaintiff has ~~three~~ four separate areas of contingency :

1.Issues arising from the MONTEZ class action Case after 2004

2.Issues arising from CDOC/ Sex offender treatment program.

3.Issues arising from Discrimination regarding parole for sex offenders with determinant sentences and disabilities.

4.Issues arising from Discrimination involving religious Programs.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: DENIED ADA ACCOMMODATION RESULTING IN SERIOUS MEDICAL CONSEQUENCES. This was a direct result of actions taken by Mr. Dave Tessier, Meghan Reed, and Amy Cosner et. al.

Supporting Facts:

Starting on September 8, 2012 Plaintiff requested a new egg-create mattress that compensates for a skin graph obtained in 1973. Plaintiff has had an egg-create mattress for the past 20 years within the CDOC. Plaintiff has ongoing orders for this Accommodation starting in 1993 by countless CDOC Dr.'.s. . On 11/14/12 Defendant was informed by nurse Debby that, according to Dave Tessier

ORIGINAL

[Plaintiff] "would not get a new Mattress". A few days after that Defendant Tessier confirmed that directly to Plaintiff "that he was not going to get another mattress" and "If you need to use a Egg-Crate Mattress you will be placed in the Infirmary". Based on the need for the Egg-Crate Mattress this would be liken to a 20 year sentence in the "high security" Infirmary. Tessier informed Plaintiff that "that was his policy". Defendant has had an 'exemption to care' for this accommodation all along. This was reviewed and confirmed by Judge Bourchers Magistrate and Cathy Holst the AIC at Plaintiff's ADA hearing. Plaintiff has extensive documentation showing MONTEZ Remedial Plan Medical Screenings that confirmed that Plaintiff requires this Item. MONTEZ Remedial Plan states that a disability is "permanent"; that means accommodations are also permanent unless security situations arise (which a have not). On 5/10/11 Julie Russel AIC illegally altered Defendants Accommodation Resolution by changing the wording from EGG-Create Mattress to "Bedding" and on another form it reads "Special Mattress" (offender portal information). The wording was purposely altered with this ambiguous verbiage and as a result Defendant Tessier interpreted its meaning regardless to all medical records contradicting his interpretation. Furthermore, Defendant Tessier continues to disregard Dr.'s orders and all ADA (MONTEZ) screenings concerning the need for a Mattress. Plaintiff has suffered undue harm in that the decubitus ulcer was caused by not continuing the use of the an appropriate egg-create mattress and that the recovery time was extended far beyond a reasonable time.

2. Claim Two: MEDICAL ORDERS THAT ARE NOT FOLLOWED. This is a direct result of actions taken by Mr. Dave Tessier, Meghan Reed, and Amy Cosner et. al. Claim Four DENIED ADA ACCOMMODATION RESULTING IN SERIOUS MEDICAL CONSEQUENCES. Dave Tessier elected to disregard medical treatment from Dr. Mark Wienpahl, Dr.'s Joseph McCary and Paula Frantz, Chief Medical Officers CDOC; and three (3) other Dr.'s CDOC. As a result Plaintiff has suffered unnecessary pain and suffering. This was a direct result of actions taken by Mr. Dave Tessier, Meghan Reed, and Amy Cosner et. al. That continues to cause this issue.

Supporting facts:

An order was given for Plaintiff to be seen at the "Wound Clinic" at St Mary Corbin. Plaintiff was seen on January 4 2013 but only after a grievance was filled December 21, 2012. An Order for the clinic was given on or before October 30, 2012,to be seen at the hospital. The Wound Clinic also gave orders for egg-Crate Mattress and a follow up appointment within 30 days. The follow up appointment was delayed until March 27, 2013. The Wound Clinic has recommended an "egg create mattress or a air

ORIGINAL

actuated mattress" The result of not having one has been that Plaintiff has had an open wound that is very slow recovering along with the fact that without a recommended mattress the Plaintiff will again suffer another painful open Decububitus ulcer.

3. Claim Three: DENIED ADA ACCOMMODATION CUSHION/WEDGE PILLOW RESULTING IN UNNECESSARY MEDICAL CONSEQUENCES. This was a direct result of actions taken by Mr. Dave Tessier, Meghan Reed, and Amy Cosner.

Supporting Facts:

Plaintiff has had a ongoing order for a cushion/wedge pillow for the past 20 years. This device was brought into the facility in 1993. The device has two purposes. One to elevate legs due to swelling of the legs due to bad circulation the other is for use to assisting in holding him in a somewhat reclined manner. Plaintiff has a fused hip and knee and is unable to sit up in bed whatsoever. This allows for reading, eating, etc. when in bed. The alternative is to be in a hospital bed with adjustable settings. This item was included in the 2003 Remedial Plan Accommodation and was so indicated on screenings and has been ordered throughout the years by Dr.'s. Defendant has had an 'exemption to care' for this accommodation all along. This was reviewed and confirmed by Judge Bourchers Magistrate and the AIC at Defendants ADA MONTEZ hearing. Plaintiff has extensive documentation showing MONTEZ Remedial Plan Medical Screenings that confirmed that Defendant requires this Item. MONTEZ Remedial Plan states that a disability is "permanent" thus this accommodation is permanent. Plaintiff has requested that this item be restored to his Accommodation Resolution and when necessary to replace it with a similar one.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _X_ Yes ___ No (CHECK ONE). If your answer is "yes," complete the section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information of reach additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

ORIGINAL

1.Name(s) of defendant(s) in prior lawsuit: JESSY MONTEZ, DAVID BRYAN, GEORGE KARL, EUGENE GILPIN, JOHN ARMINTROUJT, KENNETH GARCIA; as representatives of themselves and all others similar situated in this class action.

2.Docket number and court name: 92-N-870 U.S. Tenth District Court

3.Claims raised in prior lawsuit: __ADA___

4.Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

Not Dismissed

5.If the prior lawsuit was dismissed, when was it dismissed and why?

6.Result(s) of any appeal in the prior lawsuit: Plaintiff DAVID BRYAN was instructed by Magistrate Judge to file a **separate Civil Rights Complaint 42 USC 1983 for issues after 2004**

## F. ADMINISTRATIVE RELIEF

1.Is there a formal grievance procedure at the institution in which you are confined?

__X_ Yes ____No (CHECK ONE)

2.Have you exhausted the available administrative remedies? Attach copies, if available.

___X__Yes ___ No (CHECK ONE) Briefly explain your answer:

I have followed procedure in AR 850-4. The Step 3 grievance officer has failed to respond to my final grievance. The response was due 6/2/02.

ORIGINAL

## REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

Plaintiff will ask for a **Court Order** for Defendants to adhere to all the ADA accommodations that were originally granted to Plaintiff and agreed to by the AIC at the time of his ADA hearing with the Magistrate Judge and as those accommodations were listed on his ADA Accommodation Resolution at the time of hearing. Plaintiff will ask for punitive damages for unnecessary pain and suffering as a result of not providing for ADA accommodations originally granted to him, which resulted in severe physical and mental damage. Plaintiff will ask for an order mandating that Defendants enroll him in a SOTP class immediately or order Defendants to release Plaintiff to a halfway house or parole, with SOTP treatment . Plaintiff will ask for a review of his past parole hearings and denial of placement within halfway house based on Discrimination of Disabilities and unfair treatment of placement based on exclusion of SOTP classes. Plaintiff will ask for property and privileges that were confiscated when moved from Fort Lyon Correctional to Territorial Correctional Facilities and inappropriate transport. Plaintiff will ask that his Catholic faith group be granted all faith practices and customs normally used by the Catholic faith but are currently denied by Defendants. Compensation for court expenses; pain ,stress; and any other compensation the court feels Plaintiff is due regarding all claims.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this Complaint, and that the information in this complaint is true and correct. See 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on 5/1/13 Respectfully Submitted: [signature]

ORIGINAL

**CERTIFICATE OF MAILING**

**I David Guy Bryan , hereby certify that on 1st May 2013, I placed a true and correct copy of the foregoing *Civil Rights Complaint 42 USC 1983 and 28 USC 1915*, in the United States Mail,postage pre-paid for:**

Gregory C. Langham, Clerk
United States District Court
for the District of Colorado
Alfred A. Arraj US Courthouse
901 19th Street
Denver, CO 80294

Office of the Attorney General
1525 Sherman Street
Denver, Colorado 80203

**Signed** David Guy Bryan

ORIGINAL

**A. Attachment Parties**

6. RENEE JORDAN. Clinical Services and/or Current Director, CDOC.
   2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? x Yes ___ No (CHECK ONE) Briefly, explain your answer.

RENEE JORDAN is sued in ~~his~~ her official and individual capacities . She Is the overall acting director for the Clinical Services Department of the CDOC and is accountable for the policies, procedures, operations, and practices of the inmate healthcare systems.

7. MEGHAN REED, Acting AIC/ Legal Services CDOC,
   2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? x Yes ___ No (CHECK ONE) Briefly, explain your answer.

MEGHAN REED is sued in her official and individual capacities . She is the acting AIC under the (MONTEZ) Remedial Plan and is accountable for the implementation and guidelines of the Remedial Plan.

8. AMY COSNER, Acting AIC/ Legal Services CDOC,
   2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? x Yes ___ No (CHECK ONE) Briefly, explain your answer.

ORIGINAL

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

JENNIFER CASTNER is a "Nurse III" which reviews Grievances and determines if the grievance should be answered by Medical at CTCF or by the AIC at CODC headquarters. Among other duties she answers grievances.

12. BURL MCCULAR, Sex Offender Treatment Mgr.
CCCF, P.O. Box 300, Canon City, CO 81215-300
(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")
At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

BURL MCCULAR is sued in his official and individual capacities he oversees all aspects of the sex offender treatment program and determines all evaluations and recommendations for offenders within the CDOC.

13. LANCE MIKLICH. Programs Director
FLCF P.O. Box 1010, Canon City, CO 81215-1010
(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

LANCE MIKLICH is the director of religious programs among other responsibilities. He determines and interprets all aspects of operations regarding religious programs and related activities at CTCF.

14. PEAT PERCE, Plant Manager CTCF.
CTCF, P.O. Box 1010, Canon City, CO 81215-1010

ORIGINAL

AMY COSNER is sued in her official and individual capacitive the acting AIC under the (MONTEZ) Remedial Plan and is accountable for the implementation and guidelines of the Remedial Plan.

9. PAULA J. FRANZ. Chief Medical Officer CDOC.

2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? x Yes ___No (CHECK ONE) Briefly, explain your answer.

PAULA J. FRANZ is sued in ~~his~~ her official and individual capacities . She is the overall Chief Medical Doctor for CDOC and responsible for overseeing all medical practices of CDOC professional medical staff.

10. DAVE TESSIER, Health Services Administrator CTCF

P.O. Box 1010, Canon City CO 81215-1010

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? x Yes ___ No (CHECK ONE) Briefly, explain your answer.

DAVE TESSIER is sued in his official and individual capacities . He is the Health Services Administrator Head for CTCF. His responsibility includes overseeing the daily functions of the Medical Care Services at that facility, including, but not limited to, following through with medical orders for medical equipment, medical supplies, outside clinics and hospitalization.

11. JENNIFER CASTNER, Medical Clinic CTCF.

2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

ORIGINAL

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

PEAT PERCE is responsible for all matters pertaining to the physical plant of CTCF. He oversees all maintenance, workers both staff and inmates. And is accountable for all policies regarding same.

15. MATT WINDEN, Faith and Citizen Programs Manager.

2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

Matt Winden, is sued in his official and individual capacities . He is the Director of Faith and Citizen Programs for CDOC and is responsible for setting policies regarding religious programs.

16. DARIL R. PROFFET, Southern Regional Director for Faith and Citizen Programs.

2862 So. Circle Drive, Suite 148, Colorado Springs CO 80906-4195

(Name, title, and address of third defendant)(If you are suing more than three defendants, use extra paper to provide the information requested above each additional defendant. The information about additional defendants should be labeled "A. PARTIES")

At the time the claims(s) alleged in this complaint arose, was this defendant acting under color of state law? _x_ Yes ___ No (CHECK ONE) Briefly, explain your answer.

Daril R. Proffet is the regional director in charge of Faith and Citizen Programs for the southern area of CODC and oversees all religious programs and policies,

ORIGINAL

D ATTACHMENT CAUSE OF ACTION

4. Claim Four: DEFENDANTS HAVE DEVIATED FROM THE AGREED (MONTEZ) REMEDIAL PLAN, REGARDING ACCOMMODATION RESOLUTION FORMAT. Renee Jordan Director Clinical Services has altered the Accommodation Resolution form /and system with the sole purpose of removing accommodations granted to Plaintiff.

Supporting Facts:

Defendant went through fifteen (15) hours of hearings with the Special Master in the MONTEZ suite. During that time the AIC Cathy Holt and the Attorney General presented testimony that the Defendant was granted various accommodations. The defendant (CDOC) agreed that the Plaintiff (Bryan) was granting those accommodations. The Special Master then did not need to make any specific orders to the agreed various accommodations. Now the CDOC is removing some of the accommodations that they had agreed to and claim that the Special Master didn't Order the accommodation. CDOC/ Renee Jordan further has changed the ACCOMMODATION RESOLUTION by adding other formats that circumvent the original intention of the original Accommodation Resolution system. By doing so they then feel free to alter the accommodations at their convenience and by doing so have negated the safety-keeping system. The new and confusing documents are: (1. DOCNet-Offender Portal / ADA-MONTEZ ACCOMMODATIONS, (2. Admission Data Summary, and (3. ACCOMMODATION RESOLUTION form after May 2011. All three of these forms now do not require the signed approval of the Chief Medical Officer for additions of accommodations . The MONTEZ agreement states that a offender must have a permanent disability. With that in mind the accommodations granted would then be permanent too. It is obvious that CDOC/ Renee Jordan is attempting to whittle away at the crux of MONTEZ. Plaintiff will present well over 100 pages of documentation in support of this Claim.

5. Claim Five: SEX-OFFENDER TREATMENT PROGRAMS ARE NOT PROVIDED IN A FAIR AND EQUAL MANNER FOR DISABLED INMATES AND WHO ARE ON A DETERMINANT SENTENCE WHICH THEN EFFECTS PLAINTIFFS ABILITY TO BE ADVANCED TO A HALFWAY HOUSE OR BE PAROLED .Mr Burl McCullar SOTMP Program Manager is responsible for Sex-offender treatment programs. They are not provided in a fair and equal manner for disabled inmates and who are on a determinant sentence which then effects plaintiffs ability to be advanced to a halfway house or paroled. Plaintiff has been denied SOTP classes resulting in denial of advancement

ORIGINAL

within the CDOC.

Supporting Facts:

(1. Plaintiff has been incarcerated for twenty (20) years and has never been permitted to enroll in a Sex-offender treatment program. (2. Plaintiff has been told that if he "opted out" of ADA Accommodations he would be placed in SOTP treatment at Fremont Correctional Facility. By Opting Out Plaintiff was told "[this would] encourage a *programming opportunity*". This meant that plaintiff would have been placed in SOTP. Plaintiff has a Mobility Disability and was told he would be placed at CTCF due to disability. At that facility Plaintiff has been told that "**In this time of limited resources** (emphases added) *there are a limited number of treatment slots available*, yet at FCF the treatment classes are abundant. Plaintiff was also told "There is no method to determine the time line for treatment, it is an unknown..." (3. Plaintiff was moved to CTCF from Fort Lyon Correctional Facility and was told that "the move was not generated by your disability" and "Closure of FLCF is not related to your disability," which is not true. Plaintiff has been at CTCF for two (2) years and has not been permitted to attend a SOTP class which has then kept him from progressing through the penological system through being allowed to go to a halfway house, or obtaining parole. NOTE: From an article in the Denver Post. Quoting Laure Kepros who directs sexual litigation cases for the Colo. Public defender's office says "[CDOC/SOTP] it's a disaster". A report given to the state legislature describes the current SOTP system by saying "largely a one-size-fits-all program in which all treatment participants are generally expected to complete the same treatment exercises.'" Plaintiff has cost the state over $750,000 himself and in all that time has not even had the opportunity to take a class within CDOC which has then effected his ability to be paroled. Plaintiff has spent less than two hours being interviewed for SOTP classes. Plaintiff has been accepted by two CDOC approved treatment programs on the street bu;t has been denied parole, or a half-way-house.

6. <u>Claim Six:</u> UNJUST ACTIONS CONCERNING : CONFISCATED PROPERTY AT Ft. LYON CORRECTIONAL FACILITIES (FLCF) ; IMPROPER TRANSPORTATION (ADA) FROM (FLCF) TO TERRITORIAL CORRECTIONAL FACILITIES TO (CTCF); AND CONFISCATED PROPERTY AT (CTCF).

Supporting Facts:

ORIGINAL

within the CDOC.

Supporting Facts:

(1. Plaintiff has been incarcerated for twenty (20) years and has never been permitted to enroll in a Sex-offender treatment program. (2. Plaintiff has been told that if he "opted out" of ADA Accommodations he would be placed in SOTP treatment at Fremont Correctional Facility. By Opting Out Plaintiff was told "[this would] encourage a *programming opportunity*". This meant that plaintiff would have been placed in SOTP. Plaintiff has a Mobility Disability and was told he would be placed at CTCF due to disability. At that facility Plaintiff has been told that "**In this time of limited resources** (emphases added) *there are a limited number of treatment slots available*, yet at FCF the treatment classes are abundant. Plaintiff was also told "There is no method to determine the time line for treatment, it is an unknown..." (3. Plaintiff was moved to CTCF from Fort Lyon Correctional Facility and was told that "the move was not generated by your disability" and "Closure of FLCF is not related to your disability," which is not true. Plaintiff has been at CTCF for two (2) years and has not been permitted to attend a SOTP class which has then kept him from progressing through the penological system through being allowed to go to a halfway house, or obtaining parole. NOTE: From an article in the Denver Post. Quoting Laure Kepros who directs sexual litigation cases for the Colo. Public defender's office says "[CDOC/SOTP] it's a disaster". A report given to the state legislature describes the current SOTP system by saying "largely a one-size-fits-all program in which all treatment participants are generally expected to complete the same treatment exercises.'" Plaintiff has cost the state over $750,000 himself and in all that time has not even had the opportunity to take a class within CDOC which has then effected his ability to be paroled. Plaintiff has spent less than two hours being interviewed for SOTP classes. Plaintiff has been accepted by two CDOC approved treatment programs on the street bu;t has been denied parole, or a half-way-house.

6. <u>Claim Six:</u> UNJUST ACTIONS CONCERNING : CONFISCATED PROPERTY AT Ft. LYON CORRECTIONAL FACILITIES (FLCF) ; IMPROPER TRANSPORTATION (ADA) FROM (FLCF) TO TERRITORIAL CORRECTIONAL FACILITIES TO (CTCF); AND CONFISCATED PROPERTY AT (CTCF).

Supporting Facts:

COPY

Plaintiff was moved on 4/28/11 and told in one way that he was being moved to CTCF for programming SOTP; yet he was also told that he could be moved to FCF if he opted out of ADA accommodations. At the same time FLCF was informed by the Governor that the facility would be closed. Plaintiff was then told that he would be moved to CTCF for SOTP programming yet to this day he has not been included in that program. Plaintiff's property was confiscated at FLCF ignoring the *ADA Remedial Plan* Section V, Paragraph 4, page 4 which allows inmates to move with their property and to retain the same privileges as they had at the facility from which they came. On 4/28/11 Defendants property was confiscated including: $300 in Hobby Painting Supplies; Black GE Radio (note $125 to replace radio); Extension cord; Radio ear buds; Ear-bud extension cord. On the same day the Plaintiff was transported from FLCF to CTCF. The AIC was responsible to see that the Plaintiff was transported according to his accommodation. According to the Remedial Plan Section XI, (A. "[to] ensure that inmate has appropriate resistive devices for the transfer and that appropriate transfer methods are employed". Due to the nature of the Plaintiffs Disability he attempted to sit in the left side isle with his leg sticking down the middle of the bus. Other inmates attempted to assist but there was no way that he could sit without pain due to no back support. The bus ride went from approximately 12:30 to 6:00 PM. Defendant spent part of the time laying on the floor of the bus. Plaintiff should never been placed on the big bus, but should have been transported on a handicap style bus. When Plaintiff arrived more property was confiscated although the items were allowed at FLCF and again they should have been allowed under the Remedial Plan. They included a wooden Chest Set, Crucifix, St. Benedict 4 way medallion & chain. 8 Typewriter Ribbons, five (5) Correct Tapes. National Geographic maps. An attempt was made to issue a COPD writeup for Contraband, however that was dismissed.

7. Claim Seven This claim falls under the Religious Land Use and Institutional Persons Act of 2000 (RLUIPA). The CDOD has consistently disallowed The Plaintiffs Constitutional rights along with RLUIPA in the ability to practice The Roman Catholic religion to its **fullest extent.** Def indents claim they meeting all "necessary requirements" and that according to their faith group advisers the Def indents deem that Plaintiff is allowed all basic items needed for conducting Mass or any other meeting. This fly's in the face of RLUIPA **Section. 8**. (7) "***The term 'religious exercise' includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief,***" [emphasis added] and RELIGIOUS FREEDOM RESTORATION ACT. Of 1993-942 U.S.C. 2000.

Supporting Facts:

ORIGINAL

(1. At one point Catholics were allowed to hold a group meeting for the Liturgy Of The Word without the presents of an outside volunteer. Administrative Regulations call for the ability of inmates to practice their faith without a Volunteer present if there is none available. Other faith groups currently are allowed to meet regardless of having a volunteer or not. Plaintiff is now restricted in being allowed to participate with other Catholics when a Volunteer is not available. Defendants clam that the Archdiocese of Denver and the Diocese of Pueblo, "do not allow for Catholic services to be held without the presence of a CDOC approved and trained priest, deacon, or lay-person from outside the institution." NOTE: No Bishop or Priest would say that *The Liturgy of the Word* could not be held by a group of believing Catholics with no Priest, deacon, or lay-person. Defendants are twisting the facts to suit their agenda. (2. Plaintiff has been denied use of Votive Candles,; (3. Plaintiff has been denied use of Alter Candles. (4.Plaintiff has been denied use of Pascal Candles (Note Defendants are threatening to substitute Alter Candles for "electric candles"); (4. Plaintiff has been denied use of Proper Alter-cloths according to the season; (5. Plaintiff has been denied denied access attending Catholic service [only one service per week if under Restricted Privileges regardless if there are more than one holy days within one week]; (6. Plaintiff has been use of Chimes during Mass/ for elevation; (7. Plaintiff has been denied use of Advent Wreaths during the season. (8. Plaintiff has been denied use of Palms on Palm Sunday along with retaining them for the current year; (9. Plaintiff has been denied use of the ability to receive specificity donated Scapulars, Rosary, personally issued Holy Water and other directly donated items. (10. Plaintiff filed many requests for issues to be changed by filling out a Form AR 800-1 ( J). The forms were ignored and or lost. Grievances were filed and Plaintiff was asked to resubmit forms. Forms were again "lost, misplaced, or ignored" for well over two (2) years. (11. Items listed within AR 800-01 Attachment **E,** indicate Faith Group items such as an Alter Crucifix only be allowed to be 6" tall in any size room, or that Catholic inmates be allowed "**grape juice**" (**NOTE**; no Roman Catholic would substitute grape juice for the blood of Christ]. Plaintiff is not requesting access to Wine. (12. The AR 800-01,2 should reflect the needs of the Roman Catholic Plaintiff **Fully according to RLUIPA.** Finally Plaintiff questions the "Def indents experts" based on the fact that they don't even understand the most basic issues concerning The Body and Blood of Christ according to the Roman Catholic Faith. Plaintiff will ask for a Court Order mandating Def indents to Revamp AR 800-01,02. for Catholic inmates by working with the Bishops of Colorado only.

* (denied.)
D. Bryan 5/1/13

ORIGINAL