IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01192-BNB

DAVID GUY BRYAN,

      Plaintiff,

v.

JOHN HICKENLOOPER, et al. Governor Colorado,
RICK RAEMISCH, Executive Director, Colorado Department of Corrections, et al.,
LARRY REID, Director of Prisons CDOC,
RAE TIMME, Warden, Colorado Territorial Correctional Facilities,
RENEE JORDAN, Clinical Services and/or Current Director,
MEGHAN REED, Acting AIC/Legal Services CDOC,
AMY COSNER, Acting AIC/Legal Services CDOC,
ADRIENNE JACOBSON, AIC Legal Services CDOC,
DAVE TESSIER, Health Services Administrator CTCF,
KELLY WASCO, Current Clinical Services Director,
JENNIFER CASTNER, Medical Clinic CTCF,
BURL MCCULLAR, Sex Offender Treatment Manager/Legal Services CDOC,
ANTHONY A. DECESARO, Step III Grievance Officer CDOC,
LANCE MIKLICH, Programs Director CTCF,
TIM HAND, Director of Parole (CDOC),
MATT WINDEN, Faith and Citizen Programs Manager, et al., and
DARIL R. PROFFET, Faith and Citizen Programs,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, David Guy Bryan, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Colorado Territorial Correctional Facility

(CTCF) in Cañon City, Colorado.  Mr. Bryan initiated this action by filing *pro se* a

Prisoner Complaint (ECF No. 1).  On May 20, 2013, Magistrate Judge Boyd N. Boland

ordered Mr. Bryan to file an amended complaint that complies with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge

Boland specifically determined that Mr. Bryan failed to provide a short and plain

statement of his claims showing he is entitled to relief because he failed to identify the

specific legal claims he is asserting, failed to identify who he was suing with respect to

each asserted claim, failed to allege clearly and concisely what each Defendant did that

allegedly violated his rights, and failed to allege specific facts in support of each

asserted claim.

On August 23, 2013, Mr. Bryan filed an Amended Complaint (ECF No. 12)

raising three distinct claims for relief.  Mr. Bryan alleges in his first claim that his rights

have been violated due to deliberate indifference to his serious medical needs.  Mr.

Bryan alleges in support of his second claim that he is being denied access to the DOC

sex offender treatment program and that, as a result, his ability to be released to a

halfway house or on parole has been affected in a negative way.  Mr. Bryan alleges in

his third claim that his rights to exercise his religious beliefs freely under the United

States Constitution, the Religious Land Use and Institutionalized Persons Act, and the

Religious Freedom Restoration Act have been violated.  Mr. Bryan seeks damages as

well as declaratory and injunctive relief.

The Court must construe the Amended Complaint liberally because Mr. Bryan is

not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Bryan's claims in the Amended Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the Amended Complaint, or any portion of the Amended Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Amended Complaint in part as legally frivolous.

The Court notes initially that Mr. Bryan fails to assert any claims against John Hickenlooper, Rick Raemisch, Larry Reid, Rae Timme, Renee Jordan, Kelly Wasco, Jennifer Castner, Lance Miklich, Tim Hand, Matt Winden, and Daril R. Proffet, although they are listed as Defendants in the Amended Complaint.  Because Mr. Bryan does not assert any claims against them, these Defendants will be dismissed as parties to this action.

Claim One

Mr. Bryan alleges in his first claim that his rights have been violated due to deliberate indifference to his serious medical needs.  He alleges in support of claim one that, although he previously received certain accommodations for his disabilities in accordance with the Americans with Disabilities Act (ADA) that included an egg-crate mattress and a wedge pillow, he now is being denied an egg-crate mattress and a wedge pillow.  Mr. Bryan specifically claims that the denial of these accommodations

violates his Eighth Amendment rights.  He also may be contending within claim one that

his rights under the ADA have been violated.  Mr. Bryan apparently asserts claim one

against Defendants Dave Tessier, Meghan Reed, and Amy Cosner, although he fails to

allege clearly how any Defendant other than Dave Tessier, the Health Services

Administrator at CTCF, personally participated in the asserted constitutional violation.

In the order directing him to file an amended complaint, Magistrate Judge Boland

specifically advised Mr. Bryan that, for each claim he asserts, he must explain, clearly

and concisely, "what each defendant did to him or her; when the defendant did it; how

the defendant's action harmed him or her; and, what specific legal right the plaintiff

believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007).  Magistrate Judge Boland also advised Mr. Bryan that

personal participation is an essential allegation of any constitutional claims he asserts

under § 1983.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Finally,

Magistrate Judge Boland advised Mr. Bryan that, although *pro se* pleadings must be

construed liberally, this general rule has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and

searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

(10th Cir. 2005).

Despite these instructions, the only fact-specific allegation within claim one

relates to Defendant Dave Tessier, who allegedly ignored doctors' orders and denied

Mr. Bryan a new mattress.  According to Mr. Bryan, the denial of a new mattress by

Defendant Dave Tessier resulted in "an open, painful and debilitating decubitus" that

required at least two hospital visits.  (*See* ECF No. 12 at 9.)  Mr. Bryan's vague

4

references to Meghan Reed, Amy Cosner, and the "AIC Defendants" within claim one are not sufficient to demonstrate that these Defendants personally participated in the alleged constitutional violation set forth in claim one in the Amended Complaint. Therefore, to the extent Mr. Bryan is asserting a constitutional claim against Meghan Reed, Amy Cosner, and the "AIC Defendants" in claim one, the claim against those Defendants will be dismissed for lack of personal participation.  The Court will not address at this time the merits of Mr. Bryan's constitutional claim against Defendant Dave Tessier.

Finally, to the extent Mr. Bryan is asserting within claim one a violation of his rights under the ADA, the Court notes that Mr. Bryan may not assert the ADA claim against any Defendant in his or her individual capacity.  *See Montez v. Romer*, 32 F. Supp.2d 1235, 1240-41 (D. Colo. 1999).  However, Mr. Bryan indicates in the Amended Complaint that he also is suing Defendant Dave Tessier in his official capacity. Therefore, to the extent Mr. Bryan is asserting a violation of his rights under the ADA within claim one, the Court construes the Amended Complaint as asserting the ADA violation against Defendant Dave Tessier in his official capacity.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (explaining that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent").

## Claim Two

Mr. Bryan alleges in support of claim two that he is being denied access to the DOC sex offender treatment program and that, as a result, his ability to be released to a halfway house or on parole has been affected in a negative way.  The Court construes

5

claim two as an equal protection claim because Mr. Bryan contends that "Sex-offender treatment programs are not provided in a fair and equal manner for disabled inmates who are on a determina[te] sentence which then [a]ffects plaintiff[']s ability to be advanced to a halfway house or be paroled." (ECF No. 12 at 4.)  Although not entirely clear, it appears that the sex offender treatment program to which Mr. Bryan alleges he is denied access is only available at certain DOC facilities and he has not been housed in those facilities because of his placement in an ADA-compliant facility.  The Defendants Mr. Bryan refers to within claim two include Burl McCullar, Meghan Reed, Adrienne Jacobson, and Anthony A. DeCesaro.  According to Mr. Bryan, Defendants Burl McCullar, Meghan Reed, and Adrienne Jacobson wrote letters to him addressing the availability of the DOC sex offender treatment program where he was housed and Defendant Anthony A. DeCesaro denied a step III grievance Mr. Bryan filed regarding his ability to participate in the DOC sex offender treatment program.

A person's right to equal protection is violated when the government or its officials treat him or her differently than others who are similarly situated.  *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).  Mr. Bryan's equal protection claim lacks merit because he fails to allege facts that demonstrate he has been treated differently than any similarly situated inmates.  The fact that inmates housed in different prisons have access to a DOC sex offender treatment program that is not provided in the prison in which Mr. Bryan is housed does not demonstrate that Mr. Bryan's constitutional right to equal protection has been violated.  Mr. Bryan's allegations that Defendants Burl McCullar, Meghan Reed, Adrienne Jacobson, and Anthony A. DeCesaro either wrote

letters to him or denied a grievance also fail to demonstrate that those Defendants personally participated in a violation of his right to equal protection by treating him differently than a similarly situated inmate.

Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).  "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."  *Hall*, 935 F.2d at 1110.  The Court finds that Mr. Bryan's vague and conclusory allegation that he has been denied equal protection will not support an arguable claim for relief.  Therefore, claim two in the Amended Complaint will be dismissed as legally frivolous.

<u>Claim Three</u>

Mr. Bryan alleges in his third claim that his rights to exercise his religious beliefs freely under the United States Constitution, the Religious Land Use and Institutionalized Persons Act, and the Religious Freedom Restoration Act have been violated.  He specifically alleges that he "has not been permitted to practice The Roman Catholic faith to it's fullest extent." (ECF No. 12 at 13.)  However, despite Magistrate Judge Boland's specific instructions in the order directing Mr. Bryan to file an amended complaint, Mr. Bryan fails to identify who he is suing with respect to claim three.  In fact, Mr. Bryan's allegations in support of claim three in the Amended Complaint do not include a single reference to any specific Defendant in this action.  Therefore, because the allegations Mr. Bryan provides in support of claim three do not support an arguable claim for relief

against any named Defendant, the Court will dismiss claim three as legally frivolous.

To summarize, the Court will dismiss claims two and three in the Amended Complaint as legally frivolous.  The Court also will dismiss as parties to this action every Defendant other than Defendant Dave Tessier because Plaintiff fails to allege specific facts in support of an arguable claim against any Defendant other than Defendant Dave Tessier.  Mr. Bryan's remaining claim against Defendant Dave Tessier will be drawn to a district judge and to a magistrate judge as provided in D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to D.C.COLO.LCivR 8.2C. Accordingly, it is

ORDERED that claims two and three in the Amended Complaint (ECF No. 12) are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendants John Hickenlooper, Rick Raemisch, Larry Reid, Rae Timme, Renee Jordan, Kelly Wasco, Jennifer Castner, Lance Miklich, Tim Hand, Matt Winden, and Daril R. Proffet are dismissed as parties to this action because Plaintiff does not assert any claim against them and Defendants Meghan Reed, Amy Cosner, Adrienne Jacobson, Burl McCullar, and Anthony A. DeCesaro are dismissed as parties to this action because the claims against them are legally frivolous.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __6th__ day of ___September_____, 2013.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court