IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01192-RBJ-CBS

DAVID GUY BRYAN,

      Plaintiff,

v.

DAVE TESSIER, Health Services Administrator at CTCF,[1]

      Defendant.

---

ORDER

---

This matter is before the Court on the May 28, 2014 Recommendation [ECF No. 46] of

Magistrate Judge Craig B. Shaffer that the Court grant in part and deny in part the defendant's

motion to dismiss [ECF No. 28] and deny the plaintiff's motion for temporary restraining order

[ECF No. 34]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific

written objections were due within fourteen (14) days after being served with a copy of the

Recommendation. [ECF No. 46 at 15–16.] The plaintiff filed a timely objection dated June 10,

2014 [ECF No. 48].[2] The defendant did not file an objection. Upon a de novo review of the

---

[1] Brian Hoffman is substituted for David Tessier in his official capacity; Defendant Tessier remains in the lawsuit in his individual capacity.

[2] This motion is titled "Motion for Redress of Findings of Magistrate Judge in Conjunction with Request for Temporary Restraining Order/Injunctive Relief," which the Court construes as an objection to the Recommendation. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

objections filed, the Court adopts and affirms the Recommendation of Judge Shaffer.  The Court

also reviews Mr. Bryan's latest motion, entitled Motion to Enjoin and For Declaratory Relief

[ECF No. 49], at the end of this Order.

## BACKGROUND

Plaintiff David Guy Bryan, a prisoner incarcerated at the Colorado Territorial

Correctional Facility ("CTCF") in Canon City, Colorado, filed this lawsuit *pro se* pursuant to 42

U.S.C. § 1983.  In his Amended Complaint he claims that Defendant Tessier withheld certain

medical equipment (an egg crate mattress) in violation of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12102 *et seq*,; the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.; and the

Eighth Amendment's prohibition against cruel and unusual punishment.[3]  [ECF No. 12].

Defendant Tessier was the Health Services Administrator at CTCF at the time the incidents

giving rise to this action arose.  He has since been succeeded by Brian Hoffman, who is

substituted for Mr. Tessier in the official capacity claims that remain in this action.  *See* Fed. R.

Civ. P. 25(d).  Mr. Bryan seeks declaratory relief, injunctive relief, and monetary relief in an

unspecified amount.  Mr. Bryan also filed a motion for a temporary restraining order seeking an

order that (1) he be given the egg crate mattress he alleges he was improperly denied; (2) he be

excused from standing during the prison's routine count as an ADA accommodation; and (3)

CDOC employees be enjoined from generally interfering with his ADA accommodations and

medical orders.

Judge Shaffer's recommendation provides a detailed summary of the background of this

case [ECF No. 46 at 1-4], and I see no need to repeat it here.  After undergoing a thorough legal

analysis of the issues presented, Judge Shaffer recommended that defendant's motion to dismiss

---

[3] The Amended Complaint asserted a number of claims against a variety of other defendants, all of whom
have been dismissed along with any herein unlisted claims.  [ECF No. 15].

be denied as to Mr. Bryan's Eighth Amendment claim concerning the egg crate mattress.  He

recommended that the motion to dismiss be granted as to the plaintiff's Eighth Amendment

claim concerning a wedge pillow; the ADA claim; the Rehabilitation Act claim; and the request

for monetary and declaratory relief as to Defendant Hoffman in his official capacity.  Judge

Shaffer also recommended that Mr. Bryan's motion for a temporary restraining order (effectively

a motion for preliminary injunction) be denied.  In particular, he noted that Mr. Bryan's motion

failed to address three of the four factors required for a showing that a preliminary injunction

should issue.  Further, he found that Mr. Bryan's request that he be allowed to remain seated or

reclined during the prison's count (essentially a request for a mandatory injunction) be denied, as

the plaintiff had not made any allegations regarding this request in his pleadings.  Finally, Judge

Shaffer found that the plaintiff's request that the Court enjoin CDOC employees from tampering

with his ADA accommodations and from disregarding medical orders was too broad to satisfy

the requirements of 18 U.S.C. § 3626(a)(2).  Mr. Bryan filed an objection to the

recommendations on both motions.

## STANDARD OF REVIEW

Following the issuance of a magistrate judge's recommendation on a dispositive matter,

the district court judge must "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to

"accept, reject, or modify the recommended disposition; receive further instruction; or return the

matter to the magistrate with instructions."  *Id.*  "In the absence of timely objection, the district

court may review a magistrate . . . [judge's] report under any standard it deems appropriate."

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140,

150 (1985) ("It does not appear that Congress intended to require district court review of a

magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

The Court liberally construes the filings of a *pro se* litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the advocate of the *pro se* litigant, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *E.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Defendant moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a 12(b)(6) motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory need not be assumed to be true. *Id.* at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

In order to obtain a preliminary injunction, the moving party must make a showing of four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in

the movant's favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "Because the primary goal of a preliminary injunction is to preserve the pre-trial status quo, courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action—a mandatory preliminary injunction—before a trial on the merits occurs." *Id.* When moving for a mandatory preliminary injunction, "the movant has a heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor before obtaining a preliminary injunction." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (internal quotation marks and citation omitted).

## ANALYSIS

*Objections to Recommendation on Defendant's Motion to Dismiss*

Mr. Bryan begins by arguing that he is entitled to the relief he seeks (an egg crate mattress) under the ADA because he qualifies as a disabled person. However, as Judge Shaffer discussed, the ADA does not provide a private right of action to challenge medical treatment. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). In effect, Mr. Bryan cannot bring a lawsuit alleging that the ADA was violated when he was not provided with a medical device[4] in contravention of his doctors' recommendations. Just to be clear, Mr. Bryan also made this claim under the Eighth Amendment, and Judge Shaffer did not recommend that this claim be dismissed.

Next, Mr. Bryan argues that he successfully pled a violation of the Eighth Amendment as to his wedge pillow. In particular, he argues that CDOC has violated the Eighth Amendment by removing the wedge pillow from his ADA Accommodation Resolution (a list of assistive devices

---

[4] While an egg crate mattress is not necessarily a medical device, the Court is persuaded that it constitutes one in this case considering that it was issued to Mr. Bryan in response to a medical issue, particularly in order to accommodate an ulcer.

he is entitled to under the ADA).  Notably, however, Mr. Bryan acknowledges that he still has

his wedge pillow.  [*See* ECF No. 48 at 5].  The only matter he is contesting is that the pillow

should not have been removed from this list.  Apparently it was removed because prison officials

felt it was more accurately considered a medical treatment device and not an ADA

Accommodation device.  Since no harm has befallen Mr. Bryan (he still has the pillow), and any

potential harm (losing the pillow) is only hypothetical, he has suffered no "injury in fact" and

cannot bring this claim.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (finding

that to have standing to bring a claim the plaintiff must have suffered an "injury in fact" that is

concrete and particularized, not conjectural or hypothetical).[5]

Third, Mr. Bryan argues that Defendant Hoffman is liable for damages and declaratory

relief in his official capacity because he knew about the harm he was causing Mr. Bryan.  An

individual who is also a state actor can be sued in two capacities: individually or in his official

capacity.  When he is sued in his official capacity he is in effect being sued as a representative of

the state government.  The Eleventh Amendment grants sovereign immunity to the States, which

protects state defendants sued in their official capacities from liability for damages or for

equitable relief (such as a declaratory judgment).  *See Johns v. Stuart*, 57 F.3d 1544, 1552 (10th

Cir. 1995).  Judge Shaffer noted that because Mr. Bryan was only suing Mr. Hoffman in his

official capacity (i.e. as a representative of the state), he could not sue him for money damages or

for declaratory relief.  He could only sue Mr. Hoffman for prospective injunctive relief (for

example, to require him to provide the egg crate mattress).  Judge Shaffer added a footnote

stating that should Mr. Bryan wish "to add Mr. Hoffman to this lawsuit in his individual capacity

. . . he must file a separate motion pursuant to Fed. R. Civ. P. 20 asking for the court's leave."

---

[5] Judge Shaffer's opinion goes to the merits of this claim.  [ECF No. 46 at 11].  The Court agrees with the
Recommendation to the extent the merits are addressed.

[ECF No. 46 at 12 n.10].  As noted above, *pro se* plaintiffs must comply with the Court's procedural rules.  Because Mr. Bryan did not seek leave to include a claim against Mr. Hoffman in his individual capacity Mr. Hoffman can only be sued for prospective injunctive relief.

Finally, Mr. Bryan contends that his request that he not be required to stand during routine count "continues to be ignored."  [ECF No. 48 at 4, ¶ 16].  But the fact remains that this concern with prison regulations was never raised in Mr. Bryan's Amended Complaint.  The Court reviews the Amended Complaint as a complete map of the legal issues the plaintiff wishes to address in his lawsuit.  A plaintiff, even one who is *pro se*, cannot raise new issues later on in the case by adding them to other filings.  A new legal issue may only be added by amending the Complaint.

All of the objections that Mr. Bryan raised as to the motion to dismiss have been reviewed de novo.  For the reasons stated above, none of them have persuaded the Court that Judge Shaffer's findings and recommendations should be altered as to the motion to dismiss.

*Objections to Preliminary Injunction Recommendation*

Mr. Bryan spends the rest of his objection discussing the four factors required for a showing that a party is entitled to a preliminary injunction.  Unfortunately, these proofs have been put forward too late.  A party is required to make a showing that he is entitled to the relief he requests in his original motion for that relief.  This rule is important because the opposing party (here the defendant) must have an opportunity to respond fully to the argument.  As noted above, *pro se* plaintiffs are bound by the same procedural rules as represented parties.  Therefore, the Court will not consider these new arguments as they have been put forward too late to be considered part of the motion.[6]

---

[6] Further, Mr. Bryan's objection regarding the request to be exempt from the requirement that all inmates stand during prison count fails on other grounds.  As noted earlier, this request does not appear on the

*Plaintiff's Motion to Enjoin and for Declaratory Relief*

On June 10, 2014 Mr. Bryan filed his latest motion, entitled Motion to Enjoin and for Declaratory Relief [ECF No. 49]. The motion includes a number of new defendants in the case caption and also claims that Mr. Hoffman is being sued in both his official and individual capacities. A plaintiff may not add or change the status of defendants in his filings; defendants may only be added or their status changed by motion for leave to amend the Complaint.[7] Mr. Bryan has not requested such leave. Further, the motion re-raises the egg-crate mattress claims and the requirement that Mr. Bryan stand for count, both of which are hereby moot as they have been resolved in this Order. Mr. Bryan also makes numerous arguments concerning claims that were not raised in the Amended Complaint. As noted above, a plaintiff may not bring new causes of action or assert new grievances in his court filings. Any legal issue that is going to be raised in a case must be first pleaded in the Complaint. For these reasons, the plaintiff's motion is denied.

## CONCLUSION

Based on its de novo review of the magistrate judge's recommendation, to the extent to which objections were made, and its review of the remainder of the recommendation for clear error, the Court accepts and adopts the recommendation. The Court denies the plaintiff's Motion to Enjoin and for Declaratory Relief. The only cause of action remaining in Mr. Bryan's suit is his claim that the confiscation and failure to replace his egg crate mattress (or other off-loading mattress appropriate for his condition) violates the Eighth Amendment. **Any future filings**

---

face of the Amended Complaint but is instead a new grievance that Mr. Bryan puts forward in his filings. The issue is not properly before the Court and the Court cannot rule on this request. Finally, Mr. Bryan did not object to Judge Shaffer's recommendation that his third request be denied for noncompliance with 18 U.S.C. § 3626(a)(2).

[7] Notably, two of the three newly added defendants were already dismissed by this Court. [ECF No. 15 at 5] (dismissing Amy Cosner and Meghan Reed, among others).

**should not raise new legal claims; this claim is the only one remaining before this Court.**
The claim as against Defendant Hoffman is limited to prospective injunctive relief, as it is brought solely in his official capacity.  The claim against Defendant Tessier in his individual capacity is not so limited.

## ORDER

For the foregoing reasons, it is ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 46] is ACCEPTED and ADOPTED in its entirety.  It is further ORDERED that Defendant's Motion to Dismiss [ECF No. 28] is GRANTED IN PART and DENIED IN PART and that Plaintiff's Motion for Temporary Restraining Order [ECF No. 34] is DENIED.  Plaintiff's Motion to Enjoin and for Declaratory Relief [ECF No. 49] is DENIED.

DATED this 9th day of July, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge